**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANDRE ROSARIO,

                Plaintiff,

v.

D. HEKHUIS, et al.,

                Defendants.

3:20-cv-00129-RCJ-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

    Before the court is Plaintiff Andre Rosario's ("Rosario") amended *pro se* civil rights complaint (ECF No. 7). For the reasons stated below, the court recommends that Rosario's amended complaint (ECF No. 7) be dismissed, with prejudice.

**I.    SCREENING STANDARD**

    Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure

---

[1] This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

**II.     BACKGROUND AND PROCEDURAL HISTORY**

On February 25, 2020, Rosario filed a civil rights complaint pursuant to 42 U.S.C. § 1983, he did not, however, pay the filing fee or complete an application to proceed *in forma pauperis* ("IFP"). (*See* ECF No. 1-1.) Thus, on September 8, 2020, the court directed Rosario to either pay the full filing fee of $400, or file a fully complete IFP application, financial certificate, and inmate account statement. (ECF No. 3.) On October 1, 2020, Rosario filed his IFP application, which the court granted. (ECF Nos. 4, 5.) Pursuant to 28 U.S.C. § 1915A, the court screened Rosario's complaint on October 19, 2020. (ECF No. 5.) Rosario alleged the following: On June 26, 2019, Rosario was "violated on [his] probation case" and during that time Hekhuis and Digesti, along with the Doe DPS Officers, took

$2,475 from Rosario. (ECF No. 1-1 at 3-4.) Rosario also alleged that while he was in handcuffs, the DPS Officers made threats to his life. (*Id.*) Rosario sought the return of his money, as well as $5,000 for "pain and suffering," and "to be heard for a pardon." (*Id.* at 9.) Based on the vague nature of the allegations, the court found Rosario failed to state a claim upon which relief could be granted and accordingly dismissed the complaint, in its entirety, without prejudice but with leave to amend. (ECF No. 5.) On November 13, 2020, Rosario filed the instant amended complaint (ECF No. 7), which the court now screens.

### III. SCREENING OF AMENDED COMPLAINT

In reviewing Rosario's amended complaint, the court finds it fails to correct the defects identified in this court's prior screening order. (*See* ECF Nos. 5, 7.) Aside from vague allegations, Rosario provides no further information to support his allegations that his Fourth or Fourteenth Amendment rights were violated. Further, Rosario has not actually named any defendants in his amended complaint.

Although the court construes Rosario's complaint liberally, even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). For all the foregoing reasons, Rosario has failed to state a colorable § 1983 claim, and the amended complaint must be dismissed. While mindful that *pro se* litigants are generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, *Cato*, 70 F.3d at 1106, the court concludes that further leave to amend would be futile in this case. Rosario was previously advised of the applicable legal standards and granted the opportunity to cure the defects discussed above. (*See* ECF No. 5.) Rosario was unable to do so. Therefore, Rosario's amended complaint, and this action should be dismissed, with prejudice. *See, e.g., Frank v. City of Henderson*, 2015 WL 5562582, at *5 (D. Nev. Sept. 21, 2015) (finding further leave to amend futile where plaintiff amended complaint and again failed to allege sufficient facts to support § 1983 claim).

///

## IV. CONCLUSION

For the reasons articulated above, the court recommends that Rosario's amended complaint (ECF No. 7) be dismissed, with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1107.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Rosario's amended complaint (ECF No. 7) be **DISMISSED, WITH PREJUDICE**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** and **CLOSE** this case.

**DATED**: December 11, 2020.

_____
UNITED STATES MAGISTRATE JUDGE